## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:20-cv-822-BJB

| | |
|---|---|
| **JOHN JACOB HASENBEIN** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | |
| ) | *"Electronically Filed"* |
| **F3EA, INC.** ) | |
| <u>Serve</u>: Registerd Agents, Inc. ) | |
| 212 N. 2nd Street, Suite 100 ) | |
| Richmond, KY 40475 ) | |
| ) | |
| *Defendant* ) | |

**\*\*\* \*\*\* \*\*\* \*\*\* \*\*\***

### COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, John Jacob Hasenbein, by and through undersigned counsel, and respectfully submits this complaint against Defendant, F3EA Inc. ("F3EA" or "Defendant") and, in support thereof, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over Defendant in this Court is proper pursuant to 28 U.S.C.A. § 1332(a)(1) because:

    a. The matter in controversy exceeds the sum or value of $75,000; and

    b. Plaintiff and Defendant are residents of different states.

2. Venue in this Court is proper pursuant to 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Louisville jury division of the Western District of Kentucky, on or about March 22, 2019 to March 23, 2019.

## PARTIES

3. Plaintiff, John Jacob Hasenbein, is a citizen and resident of Montgomery County, Tennessee, residing at 1700 Autumn Drive, Clarksville, TN 37042.

4. F3EA is a Delaware foreign corporation with its principal place of business in Chatham County, Georgia.

5. F3EA is registered in Kentucky and allowed to conduct business in Kentucky pursuant to the laws of the State of Kentucky, and whose serving agent is Registered Agents Inc., 212 N. 2nd St., Ste 100, Richmond, KY 40475.

## GENERAL ALLEGATIONS

6. Defendant is a private firm that specializes in U.S. military contracting, primarily within the Special Operations and Intelligence communities.

7. Defendant provides support, development, and execution of interagency Emergency Deployment Readiness Exercises by designing and running simulated combat missions for U.S. military personnel.

8. During simulated combat missions, Defendant provides "role players" who act as enemy combatants, hostages, and civilians.

9. Defendant also provides medical support staff and "controllers" who record video and audio during the exercise.

10. On or about the night of March 22, 2019, Defendant operated a simulated combat mission and training event known as "Bronze Spear" from Fort Campbell, Kentucky to Fort Knox, Kentucky.

11. The value of Defendant's contract with the U.S. Army for performing the Bronze Spear simulation was approximately $500,000.

12. The culminating operation during "Bronze Spear" was a simulated hostage

recovery mission at Zussman MOUT Training Facility at Fort Knox, Kentucky ("Zussman").

13. At the time of the Bronze Spear simulation, Plaintiff was a member of the U.S. Army Special Forces and had served in the U.S. Army for approximately twenty years.

14. Plaintiff was a participant in Defendant's Bronze Spear training exercise and the culminating hostage recovery mission at Zussman.

15. Plaintiff took part in the simulation as part of pre-mission training before deployment to U.S. counter terrorism operations abroad.

16. Ahmed Altameemi, an F3EA independent contractor, also participated in the simulation.

17. During the Zussman portion of the simulation, Mr. Altameemi acted as a role player in the character of an ISIS fighter holding critical information on the whereabouts of a hostage Mr. Hassenbein's team of Special Forces soldiers sought to rescue.

18. As part of his role-playing exercise, Mr. Altameemi was given a script that contained false information about the location of the hostage in the event that he was captured "alive" in the simulation.

19. Mr. Altameemi was instructed not to provide any information to the soldiers if he was "killed" in the simulation.

20. Mr. Altameemi acted as though he was wounded during the simulation and was taken into custody by Plaintiff and other members of the special forces team.

21. Plaintiff restrained and used physical force on Mr. Altameemi during the simulation.

22. Plaintiff questioned Mr. Altameemi concerning the whereabouts of the hostage during the simulation.

23. Mr. Altameemi sustained injuries during the simulation (the "incident").

24. After the incident, F3EA personnel made sworn statements about the incident which contain false, misleading, and exaggerated details concerning: (1) the level of force Plaintiff used during the simulation and (2) Plaintiff's verbal statements to Mr. Altameemi during the simulation. See Exhibit A.

25. These sworn statements defame and are otherwise injurious to the reputation and character of Plaintiff.

26. On information and belief, Defendant's officers, employees, and/or independent contractors made other false and misleading statements defaming Plaintiff to members of his chain of command and to his colleagues in the U.S. Army.

27. On information and belief, Defendant's officers, employees, and/or independent contractors made other false and misleading statements defaming Plaintiff to medical personnel who treated Mr. Altameemi's injuries.

28. As a result of false and misleading statements, Plaintiff was subjected to investigation and eventual court martial by the U.S. Army.

29. The U.S. Army effectively forced Plaintiff to retire as a result of the court martial proceedings.

30. On information and belief, Defendant's officers, employees, and/or independent contractors participated in publishing false and misleading statements about Plaintiff relating to both the incident and the subsequent court martial proceedings on the Instagram account "justice_for_simple_jay". See Exhibit B.

31. On information and belief, all of Defendant's false and misleading statements made before, during, and after the court martial proceeding are part of a larger conspiracy, plan, or design to harm the reputation of Plaintiff.

32. The damages resulting from Defendant's false and misleading statements exceed $75,000 and, thereby, establish this Court's jurisdiction as required under 28 U.S.C.A. § 1332.

## **FIRST CLAIM FOR RELIEF**
Libel

33. Plaintiff incorporates all allegations herein by reference.

34. Defendant's officers, employees, and/or independent contractors made false and misleading written statements about Mr. Hasenbein.

35. Defendant's officers, employees, and/or independent contractors false and misleading written statements about Mr. Hasenbein contained defamatory language.

36. Defendant's officers, employees, and/or independent contractors false and misleading written statements contained defamatory language directed specifically at Mr. Hasenbein.

37. Defendant's officers, employees, and/or independent contractors published false and misleading written statements containing defamatory language about Mr. Hasenbein to third parties, including to other members of the U.S. Army and employees of Defendant.

38. Defendant's officers, employees, and/or independent contractors publishing of false and misleading written statements containing defamatory language about Mr. Hasenbein caused injury to his reputation.

## **SECOND CLAIM FOR RELIEF**
Slander

39. Plaintiff incorporates all allegations herein by reference.

40. Defendant's officers, employees, and/or independent contractors made false and misleading oral statements about Mr. Hasenbein.

5

41. Defendant's officers, employees, and/or independent contractors false and misleading oral statements about Mr. Hasenbein contained defamatory language.

42. Defendant's officers, employees, and/or independent contractors false and misleading oral statements contained defamatory language directed specifically at Mr. Hasenbein.

43. Defendant's officers, employees, and/or independent contractors made false and misleading oral statements containing defamatory language about Mr. Hasenbein to third parties, including to other members of the Army and employees of Defendant.

44. Defendant's officers, employees, and/or independent contractors making false and misleading oral statements containing defamatory language about Mr. Hasenbein caused injury to his reputation

### **THIRD CLAIM FOR RELIEF**
Tortious Interference with a Contract

45. Plaintiff incorporates all allegations herein by reference.

46. The false and misleading statements made by Defendant's officers, employees, and/or independent contractors, resulted in tortious interference with Mr. Hassenbein's contractual employment relationship with the U.S. Army.

47. Mr. Hasenbein had a contractual employment relationship with the U.S. Army.

48. Defendant had actual knowledge of the employment relationship.

49. Defendant's statements and actions concerning the incident and Plaintiff's character were intended to cause a breach of that contractual employment relationship.

50. Defendant's statements and actions directly and proximately caused a breach of the employment contract.

51. Damages resulted to Mr. Hasenbein due to Defendant's actions.

52. Defendant had no privilege or justification to excuse its conduct.

## FOURTH CLAIM FOR RELIEF
Tortious Interference with a Prospective Business Advantage

53. Plaintiff incorporates all allegations herein by reference.

54. The false and misleading statements made by Defendant's officers, employees, or independent contractors, resulted in tortious interference with Plaintiff's prospective employment relationship with the U.S. Army.

55. Plaintiff had a valid business relationship or expectancy in continued employment with the U.S. Army.

56. As a defense contractor operating the simulation, Defendant was aware of this relationship or expectancy.

57. Defendant intentionally interfered with Plaintiff's relationship and expectancy interest and the motive behind the interference was improper.

58. Defendant's interference was the direct and proximate cause of Plaintiff's damages, and special damages can be shown.

## DEMAND FOR JURY

The Plaintiff demands a jury of at least six (6) on all claims so triable.

WHEREFORE, PLAINTIFF REQUESTS the following:

1) That the Plaintiff be awarded a judgment in an amount of compensatory and special damages.

2) That the Plaintiff be awarded a judgment in an amount of punitive damages.

3) That the costs and attorney fees of this action be awarded to Plaintiff.

4) Such further and other general relief to which Plaintiff may be entitled.

5) A jury of at least six (6) persons to try this case.

Respectfully submitted,

Michael A. Augustus
BOLUS LAW OFFICES
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
mike@boluslaw.com

James M. Bolus, Jr.
BOLUS LAW OFFICES
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
bo@boluslaw.com


/s/ Michael A. Augustus