# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JOHN JACOB HASENBEIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> F3EA, Inc., ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____) <br> ) <br> F3EA, Inc., ) <br> ) <br> Counter-Plaintiff ) <br> ) <br> v. ) <br> ) <br> JOHN JACOB HASENBEIN and ) <br> DESIREE HASEBENBEIN, ) <br> ) <br> Counter-Defendants. ) <br> ) | Civil Action No. 3:20-cv-822-BJB <br><br> U.S. DISTRICT JUDGE <br> BENJAMIN BEATON <br><br> JURY DEMANDED |

## AGREED PROTECTIVE ORDER

Under Fed. R. Civ. P. 26, and subject to the approval of the Court under Fed. R. Civ. P. 26(c) and 26(c)(1)(G), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of personal, confidential, and proprietary information, which may include, without limitation, information created by a government contractor in relation to a government contract involving the Department of Defense, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this

1

case, the following Protective Order shall govern the handling of discovery documents and information, which shall consist of documents (as defined in Federal Rule of Civil Procedure 34(a)(1)), including electronically stored information, depositions, deposition exhibits, interrogatory responses, admissions, and any other materials produced, given, or exchanged by and among the parties and any non-parties in connection with discovery in this action (collectively "Materials"), and it is hereby ordered that:

1. The term "Producing Party" shall mean any party or non-party who produces or discloses Information in the Litigation. The term "Receiving Party" shall mean any person to whom Information is produced or disclosed in the Litigation.

2. Materials designated as "Confidential" or "Outside Counsel's Eyes Only" shall be used solely for purposes of preparation for trial and for trial (Civil Action No. 3:20-cv-822-BJB) before the United States District Court for the Western District of Kentucky and any appellate proceedings in this action (the "Litigation") and for no other purpose, including without limitation any commercial or business purpose, except by prior written agreement of the parties or by order of the court. This includes, without limitation, obtaining permission from the opposing party or this Court before requesting any Confidential Materials in other litigation that a party or counsel learns about during this litigation.

3. Information may be designated "Confidential" by any party's counsel, or any unrepresented party, if there is a good-faith basis to believe the Materials reflect, refer to, or evidence common law and statutory privacy and/or confidentiality interests, such as a trade secret or other confidential or proprietary research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or applicable state law, or confidential information belonging to a third party, such as a client of or an advisor to a party.

4853-1399-9857v1
2945595-000005 07/13/2021

4. "Confidential" designations shall be limited to specific Materials that qualify under the appropriate standards listed above.

5. All documents, electronically stored information, and tangible items designated "Confidential" shall include a conspicuous stamp on each page or separate item by the Producing Party of "Confidential." The designation shall be made at the time of delivery of the Materials to the Receiving Party or as provided in paragraph 15. When a Producing Party designates Materials as "Confidential" after they have already been produced during the course of this litigation, the Producing Party will notify the other parties to the Litigation of the change in designation within fourteen (14) days of making such designation. In that instance, the Producing Party will also, within those fourteen (14) days, re-produce replacement pages of the designated documents with the appropriate confidentiality stamp and Bates number stamp.

6. "Confidential" Materials, including any summaries or reproductions of the Materials, shall be inspected or disclosed solely by the following persons:

a. The Parties' Outside Counsel (as defined below), including all attorneys, paralegals, stenographic, and clerical staff employed by such counsel;

b. Any Party to this action, such Party's partners, owners, members, officers, directors, in-house counsel (including their clerical, litigation support and paralegal personnel), and other employees who are assisting the Party's Outside Counsel with this action, provided that such partner, owner, officer, director or employee is provided a copy of this Protective Order and agrees to be bound thereby through the execution of the attached Agreement to Be Bound by Protective Order ("Exhibit 1");

c. Experts retained to testify at trial or consultants retained or engaged by the Parties in preparation for trial (collectively "Consultants") and persons in their employ who are assisting in

the conduct of this Litigation; provided that the Consultant and such persons in their employ being provided Confidential Materials first signs a copy of Exhibit 1 (the "Undertaking") on behalf of him/herself and/or his/her organization and ensures that all others within the organization working on the project comply with the terms of this Order;

      d. The Court and its personnel, including any appellate Court;

      e. Court reporters, videographers, video-deposition synchronization services, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any Party;

      f. Outside photocopying, translation, document management, and exhibit preparation, trial services, or other professional vendors the parties engage for purposes of the Litigation;

      g. Witnesses in this action, provided that (a) such witness is provided a copy of this Protective Order and agrees to be bound thereby through the execution of the attached Exhibit 1, (b) the Court directs the witness to abide by the terms of this Protective Order notwithstanding any witness's refusal to execute the attached Exhibit 1, or (c) upon determination by the Court that any witness need not be bound to the terms of this Protective Order; and

      h. Persons who authored, prepared, or previously received or had lawful access to the Materials.

      i. Any other person that the designating Party has agreed to in advance in writing.

      7. Notwithstanding the foregoing, this Protective Order shall not (a) prevent any Party from using or disclosing its own materials that it has produced and designated as "Confidential" Materials in this Litigation as it deems appropriate, so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the Confidential Materials, and does not result in the Materials becoming public knowledge; (b) preclude any Party from showing

an employee, officer, independent contractor, Consultant, or representative ("Deposition Witness") of a Producing Party at a deposition of that employee, officer, independent contractor, Consultant, or representative of a Producing Party any Confidential Materials provided by the Producing Party; or (c) preclude or limit any Party from the lawful use of any Confidential Materials lawfully obtained from a source other than the Producing Party.

8. "Outside Counsel" means the attorneys who have entered an appearance with the Court in this case and those attorneys, paralegals, assistants, and other staff working at the direction of the attorneys who have entered an appearance in this case. The term does not include in-house or corporate counsel for any Party.

9. Materials qualify for designation as "Outside Counsel's Eyes Only" if they contain: (1) information contractually required by a third party to be held as confidential or (2) technical, proprietary, and/or trade secret information.

10. Unless and until either the Court rules otherwise or the producing Party agrees to withdraw or modify an "Outside Counsel's Eyes Only" designation, material designated as "Outside Counsel's Eyes Only" shall be maintained in confidence by that Party's Outside Counsel to whom such material is produced and shall not be disclosed to any person except:

a. Outside Counsel for the respective Parties;

b. Any outside consultant or expert who is assisting a Party in this action, to whom it is necessary to disclose "Outside Counsel's Eyes Only" information for the purposes of assisting in, or consulting with respect to, the preparation of this action, regardless of whether the consultant or expert is formally retained by the Party itself or by the Party's Outside Counsel, provided that such consultant or expert is provided a copy of this Protective Order and agrees to be bound thereby through the execution of the attached Exhibit 1;

5

  c. The Court and its authorized staff;

  d. Court reporters, videographers, video-deposition synchronization services, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any Party;

  e. Any author or original recipient of the "Outside Counsel's Eyes Only Materials"; and

  f. Any other person that the Producing Party has agreed to in advance in writing.

  11. Before any Materials are designated "Confidential" or "Outside Counsel's Eyes Only," counsel of record for the designating party must make a determination, in good faith, that the documents, information, and/or other Materials are "Confidential" or "Outside Counsel's Eyes Only" and entitled to protection pursuant to the foregoing. Designating the Materials as "Confidential" or "Outside Counsel's Eyes Only" represents the attorney's certification of this determination.

  12. Whenever a deposition involves "Confidential" Material or "Outside Counsel's Eyes Only" Material, the deposition transcript or portions thereof shall be designated as "Confidential" or "Outside Counsel's Eyes Only" and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" or "Outside Counsel's Eyes Only" after transcription, provided that written notice of the designation is given to all counsel of record within fourteen (14) days after notice by the court reporter of the completion of the transcript, during which period of time the transcription shall be treated as "Outside Counsel's Eyes Only."

13. When filing any documents that contain information designated "Confidential" or "Outside Counsel's Eyes Only" such documents shall be filed in accordance with the requirements of the Court pertaining to the filing of sealed or restricted access documents. The Parties agree to cooperate fully concerning any requirements for filing documents under seal or restricted access.

14. Any party may object to the designation of particular "Confidential" or "Outside Counsel's Eyes Only" Materials by giving written notice to the Producing Party after the receipt of the designated Materials. The written notice shall specifically identify the Materials to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after notice is received, the Receiving Party may file an appropriate motion requesting that the Court determine whether the disputed Materials are (1) not subject to the terms of this Protective Order and should not bear either the "Confidential" or "Outside Counsel's Eyes Only" designations or (2) subject to the terms of this Protective Order but must be reclassified from "Outside Counsel's Eyes Only" to "Confidential." The burden in such an application to the Court is on the Producing Party to demonstrate good cause why the Materials are properly designated as "Confidential" or "Outside Counsel's Eyes Only." If such a motion is filed, the disputed Materials shall continue to be treated as "Confidential" or "Outside Counsel's Eyes Only" under the terms of this Protective Order until the Court rules on the motion. If the Receiving Party fails to file such a motion, the disputed Materials shall retain its designation as "Confidential" or "Outside Counsel's Eyes Only" in accordance with this Protective Order.

15. If at any time prior to the trial of this action, a Party realizes that previously undesignated Materials should be designated as "Confidential" or "Outside Counsel's Eyes Only," the Party may so designate by advising all other Parties in writing. The designated Materials will thereafter be treated as "Confidential" or "Outside Counsel's Eyes Only" pursuant to this

Protective Order. Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all recipients of such Materials regarding its protected status, and shall take reasonable and appropriate steps to retrieve the newly designated Materials from any person who is not permitted by this Protective Order to have such Materials.

16. If any Party or non-Party inadvertently produces or provides Materials that it believes is subject to a claim of attorney-client communication, attorney work product, or any other legally recognized privilege, the Producing Party may give written notice to the Receiving Party(s) that the Materials are subject to a claim of privilege and request that the Materials be returned to the Producing Party. The Receiving Party(s) shall return the Materials to the Producing Party, and/or confirm in writing destruction (or, for Outside Counsel, removing the Materials from further review or use in the Litigation) of all electronic or paper copies of the Materials, within seven (7) days or seek appropriate relief from the Court within the time specified below. A return of the Materials by the Receiving Party(s) shall not constitute an admission or concession, or permit any inference, that the Materials are properly subject to a claim of privilege. If relief is sought from the Court, the following provisions apply:

a. The Receiving Party(s) will treat the Materials as "Outside Counsel's Eyes Only" until the Court orders otherwise.

b. The Receiving Party(s) must notify the Producing Party in writing within seven (7) days of receiving written notice of the claimed privilege from the Producing Party, setting forth the reason for its belief that the Materials are not privileged.

c. The Parties shall meet and confer regarding the dispute within seven (7) days of the Receiving Party's written notification. If the dispute cannot be resolved between the parties, the Receiving Party shall move the Court, within seven (7) days of the completion of such meet-and-

confer efforts, to rule on the Material's status and shall produce a copy of the Materials to the Court under seal for *in camera* inspection. No waiver shall be deemed to have occurred pending the Court's ruling on the Receiving Party's motion.

17. If "Confidential" or "Outside Counsel's Eyes Only" Materials are disclosed to any person other than in a manner authorized by this Protective Order, the party or person responsible for the disclosure shall, upon discovery, promptly inform the designating party, and shall work in good faith to retrieve the Materials. This paragraph shall not limit the rights and remedies of the Producing Party.

18. This Protective Order shall not prevent any Producing Party or Receiving Party from applying to the Court for further or other protective orders, or for modification of this Protective Order, or from agreeing to modification of this Protective Order. Any agreed to modification shall be in writing, and signed by counsel on behalf of the Parties.

19. In the event additional parties join or are joined in this action, or any additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

20. The fact of designation of any Materials by any party as "Confidential" or "Outside Counsel's Eyes Only" shall not be deemed an admission for purposes of this litigation, and any inference of admission solely based on designation of any Materials shall not constitute admissible evidence at trial.

21. The Parties shall be free to use any Confidential Materials at trial, provided that any Party may file an appropriate motion in limine seeking to limit the use of any such Confidential Materials in advance of trial. If the Confidential Materials or Outside Counsel's Eyes Only Materials which any party finds objectionable are contained in trial exhibit(s), the objecting Party shall

promptly notify the other Parties of any objections it has to the use of such exhibit(s) and the Parties shall confer in good faith in an attempt to resolve the dispute. In the event that the dispute cannot be resolved, either Party may move the Court for appropriate relief prior to trial.

22. Within fifty-six (56) days after the final termination of the Litigation, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as "Confidential" or "Outside Counsel's Eyes Only" shall be returned to the party that designated it as such, or the parties may elect to destroy "Confidential" or "Outside Counsel's Eyes Only" documents. However, each law firm representing a party or a deponent may retain one copy of all court pleadings and briefs containing "Confidential" or "Outside Counsel's Eyes Only" Materials, one copy of all deposition, hearing, and/or trial transcripts containing the Material, and copies of documents incorporating or referring to the Materials which are inextricably intermingled with the work product of that party's counsel. All documents retained by counsel shall remain subject to this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order after the termination of the Litigation.

23. If a Receiving Party or Consultant in possession of "Confidential" or "Outside Counsel's Eyes Only" Materials receives a subpoena from a non-party to the Litigation seeking production or other disclosure of the Materials, written notice shall be given to counsel for the Producing Party, or the producing party itself if unrepresented, as soon as possible, but no later than seven (7) days after receiving the subpoena and before the response is due (if possible), identifying the Materials sought and providing the Producing Party a copy of the subpoena. In no event, absent Court order, shall production or disclosure be made (a) within seven (7) days after providing the required notice, or (b) if the designating party seeks relief from the Court (including, without limitation, by filing a motion forprotective order or motion to quash) within seven (7) days

after receiving the notice of such relief. This Protective Order shall not be construed as requiring the Receiving Party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the Materials at issue.

24. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

4853-1399-9857v1
2945595-000005 07/13/2021

# EXHIBIT 1

4853-1399-9857v1
2945595-000005 07/13/2021

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| JOHN JACOB HASENBEIN, ) | |
| ) | Civil Action No. 3:20-cv-822-BJB-RSE |
| Plaintiff, ) | |
| ) | U.S. DISTRICT COURT |
| ) | JUDGE BENJAMIN BEATON |
| v. ) | |
| ) | |
| F3EA, Inc., ) | JURY DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |
| ) | |
| F3EA, Inc., ) | |
| ) | |
| Counter-Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN JACOB HASENBEIN and ) | |
| DESIREE HASEBENBEIN, ) | |
| ) | |
| Counter-Defendants. ) | |
| ) | |

**DECLARATION**

I, _____, declare that:

1. I have read the Protective Order agreed to by the parties and ordered in this case.

2. I understand the Protective Order and agree to be bound by its terms.

3. I will hold in confidence all Confidential Materials and Outside Counsel's Eyes Only Materials provided to me.

13

4. I understand that the Confidential Materials and/or Outside Counsel's Eyes Only Materials and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such information.

5. I will return all Confidential Materials and Outside Counsel's Eyes Only Materials in my possession, copies thereof, and notes that I have prepared relating thereto, to counsel for the Party by whom or on whose behalf I am retained upon the request of such counsel or upon conclusion of my involvement in this case.

6. I understand that a violation of the terms of the Protective Order may be punishable by appropriate sanctions and may be treated as if contempt of order of the U.S. District Court for the Western District of Kentucky (the "Court").

7. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare that the foregoing is true and correct.

Date: _____            Name: _____

4853-1399-9857v1
2945595-000005 07/13/2021